**In re LaROCHE INDUSTRIES, INC., et al., Debtors.**

**LaRoche Industries, Inc., et al., Plaintiffs,**

**v.**

**General American Transportation Corp., Defendants.**

**Bankruptcy Nos. 00–1859 (JCA), 00–1860(JCA).**
**Adversary No. 02–3166 (JCA).**

United States Bankruptcy Court, D. Delaware.

Sept. 23, 2002.

David B. Kurzweil, Greenberg Traurig, LLP, Atlanta, GA, Laurie A. Krepto, Greenberg Traurig LLP, Wilmington, DE, for Debtors.

Steven M. Yoder, The Bayard Firm, Wilmington, DE, Gerald F. Munitz, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, for GATX.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

JOHN C. AKARD, Bankruptcy Judge.

Before the Court is the motion of GATX Financial Corporation, successor to General American Transportation Corp. and GATX Rail Corporation (collectively, GATX), for summary judgment pursuant to Federal Rule of Bankruptcy Procedure

7056 (Motion)[1]. The Motion seeks dismissal of the complaint of LaRoche Industries, Inc. with prejudice. Because GATX's claim has been previously litigated and allowed, the court finds that § 502(d) of the Bankruptcy Code[2] precludes this action in which LaRoche seeks to recover an alleged preferential transfer.[3]

### BACKGROUND[4]

On May 3, 2000, LaRoche Industries, Inc., together with LaRoche Fortier Inc. (collectively, the Debtors), filed voluntary petitions for relief under Chapter 11 of Bankruptcy Code. The cases were procedurally consolidated and jointly administered. The Debtors' Second Amended Joint Plan of Reorganization (Plan) was confirmed on August 23, 2001, and became effective on September 28, 2001 (Case No. 00–1859, Doc. No. 1339). The Plan and the confirmation order gave the reorganized LaRoche permission to peruse claim objections and avoidance actions that the Debtors possessed.

Prior to the commencement of the Chapter 11 cases, predecessors of GATX leased railcars to the Debtors. As a result of the rejection of certain of its leases, GATX timely filed a general unsecured claim designated Claim No. 642 in the amount of $117,215.84. On September 12, 2001, the Debtors objected to the allowance of GATX's claim to the extent it exceeded $103,977.42. GATX did not respond to the objection and by order dated October 25, 2001, Claim No. 642 was allowed in the

---

1. References to Rules are to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

2. All statutory references herein are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise indicated.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and 28

U.S.C. § 157(a). The United States District Court has referred this case to the Bankruptcy Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(F).

4. The facts are from the parties' memoranda, as the parties did not submit any evidence or stipulations of fact.

amount of $103,977.42 (Case No. 00–1859, Doc. No. 1461).

GATX received 162 shares of the common stock of the reorganized LaRoche as its distribution pursuant to the Plan. A copy of the stock certificate dated March 21, 2002 is attached to GATX' motion (Doc. 5, Ex. 2).

This adversary proceeding was commenced on May 1, 2002, asserting that GATX received preferential transfers avoidable under § 547 of the Bankruptcy Code in the amount of $84,271.38 (Doc. 1).

## DISCUSSION

### Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) that is made applicable to Bankruptcy Proceedings by Rule 7056. Summary judgment is appropriate only when (i) there is no genuine issue concerning any material fact, and (ii) the undisputed facts entitle the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Wetzel v. Tucker*, 139 F.3d 380, 383 n. 2 (3d Cir.1998). The court finds that there are no genuine issues of material fact and that GATX is entitled to judgment as a matter of law.

### Section 502(d)

Section 502(d) states in relevant part:

> (d) Not withstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable under section ... 547 of this title, unless such entity or transferee has paid the amount, or turned over

any such property, for which such entity or transferee is liable under section ... 550 ... of this title.

In interpreting § 502(d) we are guided by the understanding that what "Congress 'says in a statute is what it means and means in a statute what it says there.' " *Hartford Underwriters Insurance Co. v. Union Planters Bank*, 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000), *quoting, Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The *Hartford* Court further stated: "when 'the statute's language is plain, 'the sole function of the courts' '—at least where the disposition required by the text is not absurd—' 'is to enforce it according to its terms.' " 530 U.S. at 6, 120 S.Ct. 1942, *quoting, United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The legislative history of § 502(d) shows that it was derived from current law:

> Subsection (d) is derived from present law. It requires disallowance of a claim of a transferee of a voidable transfer *in toto* if the transferee has not paid the amount or turned over the property received as required under the sections under which the transferee's liability arises.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 354 (1977), *reprinted* in App. Pt. 4(d)(i); S.Rep. No. 989, 95th Cong., 2d Sess. 65 (1977), *reprinted* in App. Pt. 4(e)(i)(emphasis added), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6310, 5787, 5851.

Thus § 502(d) stands for the proposition that if a claim is allowed there is no longer a voidable transfer due from that claimant. In essence, a voidable transfer, such as a preference, must be determined, as part of the claims process and not at a

later time, especially after distribution under the plan has been made.

The current § 502(d) has its origins in § 57 of the Bankruptcy Act.[5] The seminal Supreme Court decision of *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), considered § 57 and the requirement that a preference action be joined as part of an objection to the allowance of a claim. *Katchen* involved, among other issues, the bankruptcy courts' power under § 57(g) to determine a preference action as part of the claims allowance process. Specifically, the Court held:

> Section 57 of the Act contains another important congressional directive around which much of this case turns. Subsection g forbids the allowance of a claim when the creditor has "received or acquired preferences * * * void or voidable under this title" absent a surrender of any preference. Unavoidably and by the very terms of the Act, when a bankruptcy trustee presents a § 57, sub. g objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated. The objection under § 57, sub. g is, like other objections, part and parcel of the allowance process and is subject to summary adjudication by a bankruptcy court. This is the plain import of § 57 and finds support in the same policy of expedition that underlies the necessity for summary action in many other proceedings under the Act. (citations omitted)

*Id.* at 330–331, 86 S.Ct. 467.

A preference action is part and parcel of the claims allowance process. *Asousa*

*Partnership v. Pinnacle Foods, Inc. (In re Asousa Partnership),* 276 B.R. 55, 73 (Bankr.E.D.Pa.2002)(applying the *Katchen* rationale that ruling on a proof of claim and a preference action would be deciding the same issues).

As noted above, the Supreme Court in *Katchen* stated that the statute requires preference matters to be resolved before a claim can be allowed or disallowed. Objections to claims are now covered by § 502. Section 502(d) reads essentially the same as § 57, sub. g of the Bankruptcy Act. The legislative history shows that in § 502(d) Congress did not intend any change from prior law. Section 1106 gives a debtor-in-possession under Chapter 11 basically the same powers as a trustee in bankruptcy. Thus *Katchen* instructs that the Debtors in this case should have brought the preference action before, or at the same time as, they filed their objection to GATX' claim. Having failed to do so, they cannot now bring the preference action.

Importantly, the amount of a creditor's claim cannot be determined until after preference actions have been resolved. Section 502(b)(9) defers to the Federal Rules of Bankruptcy Procedure to establish bar dates for the filing of claims. Rule 3002(c)(3) provides:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty

5. The Bankruptcy Act § 57(g), 11 U.S.C. § 93(g), provided:
(g) The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances.

which is not performed within such period or such further time as the court may permit, the claim shall not be allowed. This rule is strikingly similar to § 502(d). It gives the creditor against whom a preference is recovered time to amend its claim to include amounts disgorged as a preference. Therefore, the amount of a creditor's claim cannot be finally determined until preference matters are resolved.

■■■ There is also an issue of fairness here. All matters concerning a creditor's claim should be resolved at one time.[6] It is clearly inequitable to allow a debtor to object to a claim while concealing a cause of action for a preference. A creditor, viewing an objection to its claim, may not feel it is worth contesting. Often the prospects of recovery are a few cents on the dollar (or, as in this case, stock of questionable value) thereby making the cost of contesting a claim objection not worth the battle. A creditor might take a very different approach to a claim objection if it were coupled with a preference action. Debtors, who enjoy court protection, are obligated to deal fairly and forthrightly with all parties, including creditors. They should not be permitted to take unfair advantage of their creditors by attempts to manipulate the Bankruptcy Code and Rules. Concealing a preference action while engaging in a claim objection is clearly an attempt to take unfair advantage of the Bankruptcy Code and Rules.

Apparently it is the custom in this district to object to claims and later bring preference actions. Local customs are no basis to ignore the mandates of the Bankruptcy Code and Rules nor are local customs a basis for allowing debtors to take unfair advantage of their creditors. Debtors should adopt the practice of bringing preference actions and claims objections at the same time. Bringing such actions together is contemplated by Rule 3007 which provides: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Rule 7007(1) requires an action to recover money or property to be brought as an adversary proceeding. An action to recover a preference is an action to recover money.

A distinction should be made between claims that are "deemed allowed" and claims which are objected to by the trustee or debtor. In *Katchen*, the Supreme Court was only dealing with the situation "when a bankruptcy trustee presents a § 57, sub. g objection to a claim." *Id.* Thus the *Katchen* rule only applies when a formal objection to a claim is filed. It would not apply to a claim that is "deemed filed" under § 1111(a) because it was scheduled by the Chapter 11 debtor and not listed as disputed, contingent, or unliquidated. Nor would the *Katchen* rule apply to a claim that is "deemed allowed" under § 502(a).

The Chief Bankruptcy Judge of this District, Peter J. Walsh, was faced with a different set of circumstances in *Cohen v. TIC Financial Systems (In re Ampace Corporation)* 279 B.R. 145 (Bankr.D.Del. 2002). On December 15, 2000 the liquidating trustee for Ampace filed an adversary proceeding against TIC to recover an alleged preference. Almost a year later, on November 8, 2001, the trustee filed and objection to TIC's claim in the case. On summary judgment, Judge Walsh denied the trustee's objection to TIC's claim because it was filed after a bar date established in the confirmed plan of reorganization. Judge Walsh considered § 502(d) but allowed the adversary proceeding to

---

6. This court has seen many instances where the settlement of a preference adversary proceeding also settled the amount of the creditor's claim in the bankruptcy case.

continue. There are at least two material matters that distinguish the *Ampace* decision from the case presently under consideration. First the adversary proceeding in *Ampace* was filed before the claim objection was filed. Second, the claim remained "deemed allowed" under § 502(a) because the objection was denied on procedural rather than substantive grounds.

The Debtors assert that Judge Walsh's decision in *Peltz v. Worldnet Corp. (In re USN Communications)* 280 B.R. 573 (Bankr.D.Del.2002) supports their position. Apparently the possibility of the application of § 502(d) was not suggested to the court by either party, because that section is not mentioned in the opinion. Consequently, nothing in that opinion supports the Debtors' position.

## CONCLUSION

Because the Debtors failed to timely assert their preference claim, it must be denied and this adversary proceeding dismissed.[7]

Judgment accordingly.[8]

---

**7.** The briefs of the parties dwelled at length on *res judicata*. Since the court has based its decision on § 502(d), it is not necessary to discuss the *res judicata* issues.

**8.** This opinion constitutes the findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. This opinion will be published.